Wolf, Block, Schorr and Solis-Cohen LLP
By: Richard J. Reibstein, Esq.
250 Park Avenue
New York, New York 10177
(212) 883-4985 (direct)
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA ROMERO,<br><br>      Plaintiff,<br><br>  - against -<br><br>BNP PARIBAS,<br><br>      Defendant. | 07 CIV 9302 (CM) (GWG)<br><br>**ANSWER** |

  Defendant BNP Paribas, by and through its undersigned counsel, Wolf, Block, Schorr and Solis-Cohen LLP, answers each of the Complaint of Plaintiff Rebecca Romero as follows:

## NATURE OF THE ACTION

  1.  Admits that Plaintiff brings this action under the Family and Medical Leave Act, the New York State Human Rights Law, and the Administrative Code of the City of New York, but denies that it violated any of these laws.

  2.  Admits that Plaintiff seeks legal and equitable relief under the Family and Medical Leave Act, the New York State Human Rights Law, and the Administrative Code of the City of New York, but denies that Plaintiff is entitled to any relief under these statutes.

## JURISDICTION AND VENUE

  3.  Admits that this Court has jurisdiction over the FMLA claim.

4. Admits that this Court has jurisdiction over the claims brought under the laws of the State and City of New York pursuant to 28 U.S.C. § 1332(a)(2), to the extent Defendant is a citizen of a foreign state, but denies each and every one of the remaining allegations in paragraph 4 of the Complaint.

5. Lacks knowledge or information sufficient to form a belief as to the truth of whom and when Plaintiff served a copy of her Complaint, and denies each and every one of the remaining allegations in paragraph 5 of the Complaint.

6. Lacks knowledge or information sufficient to form a belief as to the truth of what Plaintiff intends to do if and when she receives a right to sue letter from the EEOC and whether Plaintiff has filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and denies each and every one of the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that venue is proper in this district, but denies that it engaged in any unlawful practices in this or any other district with respect to Plaintiff.

## PARTIES

8. Admits that Plaintiff began her employment with Defendant in March 2003, denies that Plaintiff was involuntarily terminated, and lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph 8 of the Complaint.

9. Denies that Defendant is an "employer" within the meaning of the Family and Medical Leave Act, the New York State Human Rights Law, and the Administrative Code of the City of New York to the extent that such allegation is a conclusion of law to which no responsive pleading is required, and denies each and every one of the other allegations in paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Denies each and every allegation contained in paragraph 10 of the Complaint and avers that Plaintiff was employed by Banque Paribas from on or about May 1996 to on or about February 1999.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, avers that Plaintiff left Banque Paribas in or about February 1999, and lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff pursued a "better opportunity" with Bank of Montreal.

12. Admits that Jean-Marc Bonnefous ("Mr. Bonnefous"), a Managing Director and Global Head of Commodities Derivatives, along with other employees of Defendant, recruited Plaintiff to join Defendant as a Vice President and that Plaintiff was subsequently promoted to Director.

13. Lacks knowledge or information sufficient to form a belief as to whether many of Plaintiff's clients followed her from Bank of Montreal to Defendant in 2003.

14. Admits that when Plaintiff was hired by Defendant in 2003, Marc Fontaine ("Mr. Fontaine") was her immediate supervisor, that he reported to Mr. Bonnefous at the time, and that Plaintiff did not report directly to Mr. Bonnefous, but denies that Plaintiff had "regular contact" with Mr. Bonnefous and that Mr. Bonnefous made "all major decisions affecting her group."

15. Admits that at the time Plaintiff was hired by Defendant in 2003, one of the male employees on the commodities derivatives desk was Peter Carpenter ("Mr. Carpenter"), a Director, but denies each and every one of the other allegations contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Admits that in 2004 Plaintiff had a successful year, but denies each and every other allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Admits that in or about September 2005, Mr. Bonnefous was transferred from New York to London but continued to have responsibility for the group in which Plaintiff worked.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Admits that Mr. Carpenter resigned in or about April 2006.

27. Admits that Mr. Fontaine was a Managing Director in or about April or May 2006 and denies each and every one of the other allegations contained in paragraph 27 of the Complaint.

28. Denies each and every one of the allegations contained in paragraph 28 of the Complaint.

29. Denies each and every one of the allegations contained in paragraph 29 of the Complaint.

30. Denies each and every one of the allegations contained in paragraph 30 of the Complaint.

31. Admits that when Mr. Fontaine told Plaintiff about her bonus for 2006, Plaintiff said in words or substance that she was shocked she only received $225,000, but denies each and every one of the remaining allegations contained in paragraph 31 of the Complaint.

32. Lacks knowledge or information sufficient to form a belief as to what if anything Plaintiff believed regarding Mr. Fontaine's actions, and denies each and every one of the remaining allegations contained in paragraph 32 of the Complaint.

33. Denies that Plaintiff was the subject of harassment as alleged in paragraph 33 of the Complaint, and lacks knowledge or information sufficient to form a belief as to the truth of each of the remaining allegations contained in paragraph 33 of the Complaint

34. Admits that Plaintiff communicated with Shellie Murawski ("Ms. Murawski") of Defendant's Human Resources department in February 2007, that Ms. Murawski provided Plaintiff with forms for Family and Medical Leave Act ("FMLA") leave and short-term disability benefits, and denies each and every one of the remaining allegations in paragraph 34 of the Complaint.

35. Admits that Plaintiff requested FMLA leave on a company form with an anticipated period from March 5, 2007 to May 28, 2007, and that Mr. Fontaine and Karen Pappas ("Ms. Pappas"), Director of Human Resources, both signed the form on March 1, 2007, but denies each and every one of the remaining allegations contained in paragraph 35 of the Complaint.

36. Denies each and every one of the allegations contained in paragraph 36 of the Complaint.

37. Lacks knowledge or information sufficient to form a belief as to the truth of what Plaintiff allegedly relied upon, and denies each and every one of the remaining allegations contained in paragraph 37 of the Complaint.

38. Admits that after Plaintiff requested FMLA leave, Ms. Pappas sent her several letters (dated April 5, April 18, and May 9, 2007), each of which speak for themselves, but denies that each and every one of the remaining allegations contained in paragraph 38 of the Complaint.

39. Admits that Plaintiff telephoned Ms. Pappas on April 20, 2007 in response to the letter sent to Plaintiff by Ms. Pappas on April 18, 2007 and that Ms. Pappas returned her call, but denies each and every one of the other allegations contained in paragraph 39 of the Complaint.

40. Lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff twice attempted to contact Ms. Pappas by telephone on April 23, 2007, and denies each and every one of the remaining allegations contained in paragraph 40 of the Complaint.

41. Denies each and every one of the allegations contained in paragraph 41 of the Complaint.

42. Denies each and every one of the remaining allegations contained in paragraph 42 of the Complaint, and avers that the May 9, 2007 letter of Ms. Pappas speaks for itself.

43. Lacks knowledge or information sufficient to form a belief as to when Plaintiff learned that Defendant re-hired Mr. Carpenter, and denies each and every one of the remaining allegations contained in paragraph 43 of the Complaint.

44. Denies each and every one of the allegations contained in paragraph 44 of the Complaint, which are conclusions of law to which no responsive pleading is required, and avers that Defendant did not interfere with Plaintiff's exercise of any rights under the FMLA and did not retaliate against her for her exercise of any rights under the FMLA.

## FIRST CAUSE OF ACTION
## (FMLA)

45. Defendant incorporates herein by reference the foregoing paragraphs of this Answer, as if the same were herein set forth in full.

46. Denies each and every one of the allegations contained in paragraph 46 of the Complaint, which are conclusions of law to which no responsive pleading is required, and avers that Defendant did not interfere with, restrain, deny, or retaliate against Plaintiff in violation of the FMLA.

47. Denies each and every one of the allegations contained in paragraph 47 of the Complaint, and avers that Defendant did not engage in any discriminatory acts and that any injuries suffered by Plaintiff are not the result of any violations of law by Defendant.

## SECOND CAUSE OF ACTION
## (EXECUTIVE LAW - DISCRIMINATION)

48. Defendant incorporates herein by reference the foregoing paragraphs of this Answer, as if the same were herein set forth in full.

49. Denies each and every one of the allegations contained in paragraph 49 of the Complaint, which are conclusions of law to which no responsive pleading is required, and avers that Defendant did not discriminate against Plaintiff on the basis of her sex in violation of the New York State Human Rights Law.

50. Denies each and every one of the allegations contained in paragraph 50 of the Complaint, and avers that Defendant did not engage in any discriminatory acts and any injuries suffered by Plaintiff are not the result of any violations of law by Defendant.

### THIRD CAUSE OF ACTION
### (EXECUTIVE LAW - RETALIATION)

51. Defendant incorporates herein by reference the foregoing paragraphs of this Answer, as if the same were herein set forth in full.

52. Denies each and every one of the allegations contained in paragraph 52 of the Complaint, which are conclusions of law to which no responsive pleading is required, and avers that Defendant did not retaliate against Plaintiff for her alleged opposition to unlawful employment practices in violation of the New York State Human Rights Law.

53. Denies each and every one of the allegations contained in paragraph 53 of the Complaint, and avers that Defendant did not engage in any retaliatory acts and any injuries suffered by Plaintiff are not the result of any violations of law by Defendant.

### FOURTH CAUSE OF ACTION
### (CITY LAW - DISCRIMINATION)

54. Defendant incorporates herein by reference the foregoing paragraphs of this Answer, as if the same were herein set forth in full.

55. Denies each and every one of the allegations contained in paragraph 55 of the Complaint, which are conclusions of law to which no responsive pleading is required, and avers that Defendant did not discriminate against Plaintiff on the basis of her sex in violation of the Administrative Code of the City of New York.

56. Denies each and every one of the allegations contained in paragraph 56 of the Complaint, and avers that Defendant acted at all times consistent with its legal obligations under the Administrative Code of the City of New York.

57. Denies each and every one of the allegations contained in paragraph 57 of the Complaint, and avers that Defendant did not engage in any discriminatory acts against Plaintiff and any injuries suffered by Plaintiff are not the result of any violations of law by Defendant.

**FIFTH CAUSE OF ACTION**
**(CITY LAW - RETALIATION)**

58. Defendant incorporates herein by reference the foregoing paragraphs of this Answer, as if the same were herein set forth in full.

59. Denies each and every one of the allegations contained in paragraph 59 of the Complaint, which are conclusions of law to which no responsive pleading is required, and avers that Defendant did not retaliate against Plaintiff in violation of the Administrative Code of the City of New York.

60. Denies each and every one of the allegations contained in paragraph 60 of the Complaint, and avers that Defendant acted at all times consistent with its legal obligations under the Administrative Code of the City of New York.

61. Denies each and every one of the allegations contained in paragraph 61 of the Complaint, and avers that Defendant did not engage in any retaliatory acts and any injuries suffered by Plaintiff are not the result of any violations of law by Defendant.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2.  Plaintiff failed to exhaust her administrative remedies with respect to some or all of the allegations and/or claims referred to in the Complaint.

3.  Any actions taken by Defendant against Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons, none of Plaintiff's rights were violated by Defendant, and Defendant acted at all times within its rights and obligations under law.

4.  Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands and/or estoppel.

5.  Plaintiff is not entitled to the damages sought.

6.  Defendant exercised reasonable care to effectively prevent and correct promptly any alleged discrimination, harassment and/or retaliation against Plaintiff, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer to avoid harm otherwise.

7.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

8.  Plaintiff is not entitled to punitive damages.

9.  Plaintiff is not entitled to liquidated damages.

10. Plaintiff is not entitled to compensatory damages.

11. Plaintiff is not entitled to any damages for any adverse tax consequences.

WHEREFORE, Defendant BNP Paribas denies liability on each and every one of the causes of action in the Complaint, denies that Plaintiff is entitled to any relief, and requests that this Honorable Court enter judgment in Defendant favor dismissing

Plaintiff's entire Complaint with prejudice, and to the fullest extent permitted by law awarding Defendant its reasonable costs and attorneys' fees incurred in the defense of this action.

                                              Respectfully submitted,

                                              _____
                                              Richard J. Reibstein (RR 8739)
                                              Wolf, Block, Schorr and Solis-Cohen LLP
                                              250 Park Avenue
                                              New York, New York 10177
                                              (212) 883-4985 (direct)
                                                       -and-
                                              Andrea M. Kirshenbaum (AK 2668)
                                              *Admitted Pro Hac Vice*
                                              Wolf, Block, Schorr and Solis-Cohen LLP
                                              1650 Arch Street
                                              Philadelphia, Pennsylvania 19103
                                              (215) 977-2177 (direct)

                                              Attorneys for Defendant
                                              BNP Paribas

Dated: November 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007, I caused a true and correct copy of the foregoing Answer to Complaint to be served U.S. First Class mail, upon the following:

> Anne L. Cark, Esquire
> Vladeck, Waldman, Elias & Engelhard, P.C.
> 1501 Broadway, Suite 800
> New York, New York  10036
> (212) 403-7300

Dated:  November 19, 2007

*/s/ Richard J. R*
Richard J. Reibstein