Memo Endorsed

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

REBECCA ROMERO,

        Plaintiff,

- against -

BNP PARIBAS,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 Civ. 9302 (CM)(GWG)

ECF CASE

STIPULATION AND ORDER
OF CONFIDENTIALITY

     WHEREAS the parties have requested from each other certain Confidential Information not otherwise available to third parties; and

     WHEREAS the Parties desire to facilitate discovery in this matter while preserving the confidentiality of certain information; and

     WHEREAS, the Parties also wish to facilitate the discovery of electronically stored information and documents that minimize costs and delays and the risk of inadvertent waivers of privileges or work product protection.

     NOW, THEREFORE, it is hereby agreed by and between the Parties as follows:

     1.    "Confidential Information," as used herein, shall mean any document, writing, transcript or other material that contains Confidential Information, whether produced through formal or informal discovery or otherwise in the course of this litigation. Either party may designate such information as confidential by stamping or writing the word "CONFIDENTIAL" on such document in a conspicuous location. Testimony at depositions may be designated as confidential by agreement of counsel and the deponent by asking the court reporter to designate it as such. Such designations shall, without more, subject the information produced to the provisions of this Confidentiality Stipulation and Order.

248778 v1

2. The Parties or their respective counsel receiving Confidential Information shall not use it for any purposes other than in connection with this litigation. Such Confidential Information shall not be provided,, delivered, or otherwise made available or disclosed to any person or entity, nor shall any part of the contents of any such Confidential Information be provided to, delivered, made available to, or disclosed to any person or entity, except with the prior written consent of the party designating the information as "CONFIDENTIAL" or except as otherwise provided herein.

3. Inadvertent production of any Confidential Material without the designation "CONFIDENTIAL" and inadvertent production of any documents that are regarded as "privileged" from disclosure shall not constitute a waiver of the right to make such designation at a later time, provided the Designating Party, seasonably upon discovery of the error, so designates the material as "CONFIDENTIAL" or "privileged." For purposes of this paragraph, the word "privileged" includes materials covered by the attorney work product doctrine.

4. Confidential Information may be disclosed to the Court, its staff, and court reporters, as well as all persons who are employed by or associated with the Parties' respective counsel or to experts and/or consultants retained by the Parties' respective counsel, subject to the provisions of this Stipulation and Order.

5. Nothing contained herein shall restrict any counsel from disclosing Confidential Information to a Party or a prospective witness, expert or consultant for any Party where such disclosure is needed in connection with the litigation or in preparation for trial of this action, provided the person to whom such disclosure is made complies with the provisions of Paragraph 6 herein.

6. Any Party or any prospective witness, expert or consultant for a Party to whom any Confidential Information is disclosed shall, prior to such disclosure, agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Stipulation and Order. The Party's counsel will retain any such signed statement.

7. If a Party receiving Confidential Information intends to file any Confidential Information with the Court (in connection with any pleadings, motions, or other papers), the Receiving Party shall notify the Producing Party of its intention to file Confidential Information with the Court two weeks prior to filing such information with the Court, if practicable, or if not practicable, as far in advance of filing with the Court as practicable.

8. All Confidential Information produced hereunder shall be retained in the possession and control of the Parties' respective counsel in such a manner as to preserve its confidential nature.

9. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, if any party to this Stipulation requests electronically stored information or documents by search terms or by other non-specific criteria, the other party may provide the requested information and documents to the requesting party for initial examination (regardless of whether such information or documents contain Confidential Information). Such transmittal of information or documents for initial examination shall be without waiving any attorney-client, work product or other form of privilege, and all such information or documents transmitted shall be provisionally deemed as having been marked as "CONFIDENTIAL" under this Stipulation and Order. The requesting party shall as promptly as practical review such information and documents that have been provided for initial examination and designate any such materials, from among those initially

examined, in a formal Rule 34 request or supplemental request, identifying such materials with specificity. The producing party shall as promptly as practical respond to such Rule 34 request and may, at the time it responds, designate any such documents as "CONFIDENTIAL," and designate any such documents as "privileged," and object to the formal production of any such document transmitted. After the producing party has produced all requested materials that were provided for initial examination, other than those designated as "privileged" or objected to pursuant to Rule 34, the party requesting the electronically stored information by search terms or other non-specific criteria shall return all materials provided for initial examination and not retain any copies thereof, with the exception of copies of those documents produced in the formal Rule 34 response; Provided, however, that there shall be no obligation to return any such specifically requested documents not produced at that time if the requesting party intends to seek judicial intervention regarding the document(s) objected to or designated as "privileged" from disclosure, in which case the requesting party shall promptly seek such judicial intervention under paragraph 13 below.

10.    Upon the termination of this action, including all appeals, the Parties' respective counsel shall return or destroy all Confidential Information and all copies thereof to opposing counsel (including all documents provided for preliminary review), other than those required for the maintenance of attorney files, which the Parties' respective counsel may retain. However, if counsel has written notes on the Confidential Information that is work product or protected by an attorney-client or other privilege, counsel shall destroy the Confidential Information rather than return it.

11.  If Confidential Information is sought to be used as an exhibit at a deposition, the Parties agree to cooperate to ensure that the information remains confidential by, inter alia, requesting the deponent and/or witnesses to maintain it as such.

12.  The parties shall confer in good faith at an appropriate time to address any confidentiality issues that may arise at a trial of this action.

13.  If any Party disputes another Party's designation of confidentiality or privilege or any other objection made pursuant to this Stipulation and Order, that Party shall notify the designating Party that it disputes the designation or objection. If the Parties are unable to resolve the dispute, the Party who designated the document as confidential may raise the issue within ten business days of having been given such notice, with the Court by letter or other informal procedure, and without the need to file a formal motion, unless the Court requires otherwise.

Dated: New York, New York
       December 12, 2007

VLADECK, WALDMAN, ELIAS
  & ENGELHARD, P.C.

By: _____
Anne L. Clark (AC 6456)
Attorneys for Plaintiff
1501 Broadway-Suite 800
New York, New York 10036
(212) 403-7300

WOLF, BLOCK, SCHORR AND
  SOLIS-COHEN LLP

By _____
Richard J. Reibstein (RR 8739)
Attorneys for Defendant
250 Park Avenue
New York, New York 10177
(212) 883-4985

SO ORDERED:

_____
United States District Court Judge

12/14/07
Date

248778 v1                            5

## EXHIBIT A

### AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that (s)he has been given a copy of and has read the Confidentiality Stipulation and Order, understands the terms thereof, and agrees to be bound by such terms and subject to the Court's jurisdiction and remedies in the event of a violation of such Stipulation and Order.

_____    _____
Date                                              Signature

                                            _____
                                            Name (print)

248178 v1